Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999
Email:          matt.jaksa@hro.com

*E-FILED 3/27/08*

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and ARISTA RECORDS LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE #1,<br>Defendant. | CASE NO. 5:07-CV-04841-RS<br><br>The Honorable Richard Seeborg<br><br>***EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

EX PARTE APPLICATION TO CONTINUE CMC AND EXTEND SERVICE DEADLINE
Case No. 5:07-cv-04841-RS
#36368 v1

Plaintiffs respectfully request that the Court continue the case management conference currently set for April 9, 2008 at 2:30 p.m. to August 13, 2008.  Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days – until July 16, 2008 – to serve Defendant with the Summons and Complaint.  As further explained below, there is not yet a named defendant in this case, and accordingly no defendant has yet been served or appeared in this action.  In support of their request, Plaintiffs state as follows:

1. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe #1 ("Defendant") on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP").  In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

2. The Court entered an Order for Leave to take Immediate Discovery on September 27, 2007, which was served upon the ISP along with a Rule 45 subpoena.  On November 16, 2007, the ISP responded to Plaintiffs' subpoena, identifying Stacey Yip.

3. Plaintiffs then sent a letter to Ms. Yip notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter. The parties did not settle the case.  However, Ms. Yip has claimed that she was misidentified by the ISP.  Plaintiffs are now in the process of investigating this claim, and in aid of the investigation the parties agreed to have Plaintiffs' expert conduct an early forensic examination of Defendant's computer hard drive.  Plaintiffs continue to work with their expert and Defendant to investigate Ms. Yip's misidentification claim.

4. The initial case management conference is set for April 9, 2008 at 2:30 p.m., as previously continued 90 days by the Court's Order of December 20, 2007.  The current deadline

1

for service of process is April 17, 2008, as previously extended 90 days by the Court's Order of January 17, 2008.

     5.    Plaintiffs respectfully request an additional extension of the service deadline to July 16, 2008 and continuance of the case management conference to August 13, 2008, so that Plaintiffs can complete their investigation and verify the true identity of the Doe defendant. At such time, if the case cannot be settled, Plaintiffs will file a First Amended Complaint naming the appropriate person as the defendant and proceed with service of process.

     6.    Plaintiffs submit that their efforts to give written notice of their claim to Ms. Yip and their subsequent investigation of her misidentification claim constitute good cause under Rule 4(m) for any delay in perfecting service. *See Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996). Here, Plaintiffs have acted in good faith to investigate Ms. Yip's misidentification claim before proceeding to name her as a defendant in this case. Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP and investigate a misidentification claim, an investigation that is ongoing.

     7.    Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

2

EX PARTE APPLICATION TO CONTINUE CMC AND EXTEND SERVICE DEADLINE
Case No. 5:07-cv-04841-RS
#36368 v1

8.  Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: March 27, 2008

HOLME ROBERTS & OWEN LLP

By: _____*/s/ Matthew Franklin Jaksa*____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and ARISTA RECORDS LLC

**[PROPOSED] ORDER**

Good cause having been shown:

**IT IS ORDERED**, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), that Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to July 16, 2008.

**IT IS FURTHER ORDERED** that the case management conference currently set for April 9, 2008 at 2:30 p.m. be continued to August 13, 2008.

Dated: March 27, 2008    By: _____
Honorable Richard Seeborg
United States Magistrate Judge

EX PARTE APPLICATION TO CONTINUE CMC AND EXTEND SERVICE DEADLINE
Case No. 5:07-cv-04841-RS
#36368 v1