Dawniell Alise Zavala (State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:  (415) 268-1999
Email:  dawniell.zavala@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; SONY BMG
MUSIC ENTERTAINMENT; and ARISTA
RECORDS LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br>Defendant. | CASE NO. 5:07-CV-04841-RS<br><br>Honorable Richard Seeborg<br><br>**EX PARTE APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

EX PARTE APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO
SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 5:07-CV-04841-RS
#38652 v1

Plaintiffs respectfully request that the Court continue the case management conference currently set for August 13, 2008, at 2:30 p.m. to October 29, 2008. Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint. As further explained below, there is not yet a named defendant in this case and accordingly no defendant has yet been served or appeared in this action. In support of their request, Plaintiffs state as follows:

1. The initial case management conference is currently scheduled for August 13, 2008, at 2:30 p.m. The current deadline for service of process is July 16, 2008. There have been two prior continuances and extensions in this case. Plaintiffs do not intend to ask for any further continuances or extensions.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on September 20, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP"). Accordingly, in order to determine Defendant's true name and identity, Plaintiffs filed their Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

3. The Court entered an Order for Leave to take Immediate Discovery on September 27, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena. On November 19, 2007, the ISP responded to the Plaintiffs' subpoena identifying Stacy Yip as the infringer.

4. Plaintiffs then sent a letter to Ms. Yip notifying her of claims and inviting her to contact Plaintiffs and attempt resolution of the dispute. The parties did not settle the case. However, Ms. Yip has claimed that she was misidentified by the ISP.

5. Plaintiffs are in the process of investigating the claim of misidentification. If Ms. Yip is the infringer Plaintiffs intend to amend the Complaint and name her individually. If she is not the infringer, Plaintiffs intend to notify the actual infringer of their claims and then amend the Complaint to name that person individually if the matter cannot promptly be settled.

1

EX PARTE APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 5:07-CV-04841-RS
#38652 v1

6.   In connection with their investigation, Plaintiffs have already had an expert conduct a forensic examination of Defendant' computer hard drive for the computer supplied to the expert by Defendant.  This has resulted in the request of Defendant for authorization to obtain further information from the ISP.  On July 2, 2008 Defendant gave such authorization which was transmitted to the ISP with a request for the following information : (1) all internet registrations affiliated with the name Stacy Yip or her username cheelie@sfsu, including (a.)all Media Access Control ("MAC") addresses registered, (b) the date and time each MAC address was registered, and (c) the date and time each MAC address last appeared on the University's internet service; (2) any additional information the University possesses regarding the nature of any device so registered, including but not limited to wireless routers, laptop computers, and desktop computers.  In short, Plaintiffs are seeking any and all information the ISP has access to regarding Stacy Yip's name, username, and registered devices to determine whether or not Ms. Yip participated in or authorized the file sharing at issue.

7.   The ISP responded to Plaintiffs' request for additional information on July 8, 2008, and Plaintiffs are in the process of reviewing this information.  Plaintiffs hope that the ISP's response will enable the identification issue to be resolved.

8.   Given the foregoing circumstances, Plaintiffs respectfully request that the case management conference be continued to October 29, 2008, or such other date as conveniences the Court.

9.   Plaintiffs also request an additional 90 days to effectuate service.

10.   Plaintiffs submit that their attempts to notify Ms. Yip of their claims and attempts to resolve the case and resolve the misidentification claim before naming her in the lawsuit constitute good cause under Rule 4(m) for any delay in perfecting service.  *See, e.g., Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (same).  Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first must obtain the identity of the

2

EX PARTE APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 5:07-CV-04841-RS
#38652 v1

1  defendant through the subpoena to the ISP.  This Court has discretion to enlarge the time to serve
2  even where there is no good cause shown.  *Henderson v. United States,* 517 U.S. 654, 658 n. 5
3  (1996).
4      11.    Because the copyright infringements here occurred in 2007, the three-year limitations
5  period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus be no
6  prejudice to Defendant from any delay in serving the Complaint.

Dated:  July 8, 2008                            HOLME ROBERTS & OWEN LLP

                                                By:  _____*/s/ Dawniell Alise Zavala*_____
                                                         DAWNIELL ALISE ZAVALA
                                                         Attorney for Plaintiffs

## [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for August 13, 2008, at 2:30 p.m. be continued to October 29, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended for 90 days to October 14, 2008.

Dated:  _____            By:  _____
                                               Honorable Richard Seeborg
                                               United States Magistrate Judge